**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3037

_____

In re: ANTHONY WILLIAMS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. No. 5:20-cv-03511)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on December 28, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: January 19, 2024)

_____

OPINION[*]

_____

PER CURIAM

Anthony Williams has filed a pro se petition for a writ of mandamus compelling the District Judge to recuse himself from Williams' civil rights action. For the reasons that follow, we will deny the mandamus petition.

Williams filed a complaint claiming violations of his constitutional rights stemming from assaults he suffered in prison and the conditions of his confinement. The District Court granted in part and denied in part the defendants' motion to dismiss his second amended complaint. Following discovery, the defendants moved for summary judgment. That motion is pending.

Shortly before the defendants filed their summary judgment motion, Williams filed a motion seeking the recusal of the District Judge due to alleged bias. Williams asserted that the District Judge had denied: (1) his motion for sanctions against attorney Lucas Repka for improperly filing papers on behalf of a defendant who had died; (2) his motion for sanctions against Repka and another attorney for allegedly making false statements in a discovery-related filing; and (3) his motions to depose the defendants and obtain

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

interrogatory responses. Williams stated that the defendants had not complied with the Court's discovery orders.

The District Court denied Williams' motion for recusal along with several other motions, including a motion for compliance and a motion to extend the discovery deadline. The District Court noted that the discovery deadline had long passed and that the defendants had complied with their remaining discovery obligations.

Williams then filed his petition for a writ of mandamus in this Court. He asserts that the District Judge's recusal is required under 28 U.S.C. § 455(a) because a reasonable person might question the District Judge's impartiality. Williams asks us to issue a writ removing the District Judge and reopening discovery.

A petitioner seeking a writ of mandamus must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotations and citation omitted). "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). We review such a refusal for abuse of discretion. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

Williams has not shown that relief is due. He relies on the District Judge's denials of his motions, and he disagrees that the defendants complied with their discovery obligations. However, "a party's displeasure with legal rulings does not form an adequate basis for

3

recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir.

2000). And the record does not reflect that a reasonable person would conclude that the

District Judge's impartiality might reasonably be questioned. See Kensington Int'l Ltd.,

368 F.3d at 301-02 (discussing standard for disqualification).[1]

Accordingly, we will deny Williams' mandamus petition.

---

[1] Williams also asserts in his mandamus petition that the District Judge erred in stating that the Clerk had sent him a copy of the defendants' motion for summary judgment. Williams, however, called this to the attention of the District Court, and the docket reflects that the Clerk sent Williams a copy of the motion on November 20, 2023.